**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger**

Criminal Action No. 16-cr-00385-MSK

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**SHON MCPHERSON,**

    Defendant.

_____

**OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**
_____

    **THIS MATTER** comes before the Court pursuant to Mr. McPherson's Motion for Compassionate Release **(# 37)**, the Government's response **(# 40)**, and Mr. McPherson's reply **(#41)**.

    In 2017, Mr. McPherson pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On June 19, 2017, the Court sentenced Mr. McPherson to a term of 74 months' imprisonment **(# 35)**.

    In the instant motion, Mr. McPherson seeks "compassionate release" pursuant to 18 U.S.C. § 3582(c), owing to the spread of the COVID-19 virus within the United States generally and BOP facilities specifically. Mr. McPherson notes that he is a 29-year old man suffering from chronic hypertension, a condition that, according to the U.S. Centers For Disease Control ("CDC") makes him especially susceptible to complications from COVID-19 infection. He has presently served approximately 46 months of his 74-month sentence, and the Government

indicates that his projected release date, assuming continued good behavior, is March 2022.[1]  Mr. McPherson proposes that, if released, he would reside with his wife in Commerce City, Colorado.

The Court may reduce a previously-imposed sentence under 18 U.S.C. § 3582(c) if, among other things, the requested reduction is "consistent with the applicable policy statements issued by the Sentencing Commission."  Section 1B1.13 of the Sentencing Commission Guidelines permit the Court to reduce a term of imprisonment if: (i) "extraordinary and compelling circumstances warrant the reduction" and (ii) the factors set forth in 18 U.S.C. § 3553(a) would otherwise be satisfied by such a reduction.  The Guidelines define "extraordinary and compelling circumstances" as existing where, among other alternatives: (i) the defendant is suffering from a terminal illness with an end of life trajectory; (ii) the defendant is suffering from a serious physical or mental condition or age-related deterioration that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility"; or (iii) the defendant is 65 years old or older, suffering from a serious deterioration in physical or mental health due to aging, and has served at least 75% of his term of imprisonment.  §1B1.13, *comment* 1(A)-(C).  Prior to the COVID-19 pandemic, Mr. McPherson would not have satisfied any of these criteria.  However, in light of the pandemic, the Government now takes the position that any individual possessing one or more of the risk factors identified by the CDC as increasing the risk of severe complications from COVID-19 falls within the category of being "substantially diminished" in the ability to provide self-care.  Hypertension being one of the CDC-identified

---

[1]  Mr. McPherson argues that, due to an intervening change in the law, his Guideline Range if sentenced today would be 33-41 months, not the 63-78 month range that applied at the time of his actual sentencing.

risk factors, the Government concedes that Mr. McPherson meets the "extraordinary and compelling circumstances" requirements of §1B1.13.

Thus, the Court turns to the second part of the analysis: whether Mr. McPherson's release is consistent with the factors set forth in 18 U.S.C. § 3553(a). Those factors include, but are not limited to: (i) the nature and circumstances of the offense and Mr. McPherson's own characteristics; (ii) the need for the sentence imposed to reflect the seriousness of the offense and to prevent unwarranted sentencing disparities, among other concerns; and (iii) the sentence recommended by the Sentencing Guidelines. 18 U.S.C. § 3553(a)(1), (2), (4).

The Court addressed each § 3553(a) factor during Mr. McPherson's initial sentencing. It noted, among other things: (i) Mr. McPherson has a lengthy, sometimes violent, criminal history and that he had not demonstrated "the kind of personal responsibility that is necessary to effect a change" in that criminal behavior; (ii) that Mr. McPherson's proffered explanation for being in possession of the firearm "[did] not ring true," and that Mr. McPherson had previously been convicted of the same offense less than two years earlier, demonstrating his awareness that his continued possession of the firearm was unlawful; (iii) that the facts of the case indicated that Mr. McPherson "thr[ew] a loaded firearm in the bushes" in an attempt to avoid apprehension, that he "carr[ied] a loaded firearm in the car," and that he "brandish[ed] the firearm on the internet" prior to his apprehension; and (iv) that the Court had "no confidence that he won't return to having a firearm if he feels like he is in jeopardy," such that the Court believed a sentence near the high end of the Guideline range was necessary to protect the public and promote respect for the law. **(# 35-1)** at 7-10.

None of the 18 U.S.C. § 3553(a) factors that were of particular concern to the Court at the time of Mr. McPherson's sentencing are affected in any way by the new circumstances presented

3

by the COVID-19 pandemic. At best, only two of the factors listed in §3553(a) would be so affected. First, 18 U.S.C. § 3553(a)(4)(A) requires the Court to give consideration to the applicable sentencing range recommended by the Sentencing Guidelines. Mr. McPherson argues that a change in the law that occurred after imposition of sentence in this case would, if it had applied to him, have the effect of substantially reducing the Guideline range he faced, to the point where he would have already served even the maximum sentence recommended by the Guidelines.[2] But the Court does not understand Mr. McPherson to argue that the Court is <u>required</u> to consider – much less apply -- the altered sentencing range as part of its analysis here. Even if it did, the Court's prior 74-month sentence was derived not just from consideration of the Guidelines, but from all of the §3553(a) factors. If Mr. McPherson's Guideline range had been substantially lower at the time of his sentencing, the Court might very well have varied upward to reach that same 74-month sentence, given the circumstances of Mr. McPherson's offense and the need to deter him from continuing to possess firearms in the future. Thus, the Court gives little weight in the present analysis to the post-sentencing change in the law that could have, but did not, affect Mr. McPherson's Guideline range.

Second, 18 U.S.C. § 3553(a)(2)(D) requires the Court to consider the "needed medical care or other correctional treatment" that a defendant might require. It is this factor, more than any other, that is affected by the COVID-19 pandemic. But beyond reflecting that Mr. McPherson has a diagnosed history of hypertension, the record does not reflect the extent or

---

[2] The Court notes that Mr. McPherson is not arguing that the terms of the Guidelines themselves have changed, such that the Court should resentence him by applying the new Guideline language pursuant to 18 U.S.C. § 3582(c)(2). Rather, the change at issue involved a determination by the 10th Circuit that a conviction under Colorado state law for distribution of a controlled substance could not constitute a "controlled substance offense" for purposes of a Guideline enhancement under §2K2.1(a)(4)(A). *U.S. v. McKibbon*, 878 F.3d 967 (10th Cir. 2017).

degree to which that condition affects Mr. McPherson, much less provide insight as to how that condition might complicate a case of COVID-19 should Mr. McPherson contract it.  Although Mr. McPherson is justified in fearing that he might be exposed to, and ultimately contract, COVID-19, that fear is one shared by most Americans, incarcerated or not, particularly with case numbers nationwide breaking records daily.  Mr. McPherson's release from custody would not ensure that he would not contract COVID-19.  Indeed, his release into the community – to socialize, to work, to shop, etc. – could <u>increase</u>, rather than decrease his risk of contracting the disease, depending on the nature and extent of the preventative steps he, his family members, and those persons he comes into contact with would take to avoid spreading the virus.  In some ways, an argument could be made that Mr. McPherson's continued incarceration serves to <u>protect</u> him against COVID-19.  The Government has identified the preventative steps that the BOP has taken to address the spread of the virus in its facilities, and while it is clear that those measures have not always been successful at all BOP facilities, the USP Florence – High facility where Mr. McPherson is housed appears to be one of the BOP's success stories.  The BOP's COVID-19 reporting system indicates that, as of the date of this Order, only two active COVID-19 cases are currently reported among inmates.[3]  (A total of 16 cases have been reported among staff members, but, at present, the data suggests that the BOP has effectively prevented transmission of those cases to inmates.)   Thus, the Court is not convinced that Mr. McPherson faces a risk of contracting COVID-19 while in BOP custody that is materially greater than the risk he faces of contracting it in the community if released.  Moreover, even assuming that Mr. McPherson <u>does</u>

---

[3]     Mr. McPherson's reply brief states that 5 inmate cases were reported by the BOP as of October 21, 2020.  The fact that case numbers are falling, rather than rising, serves to demonstrate that the BOP's precautions have been effective at preventing widespread outbreaks among inmates at USP Florence.

eventually contract the virus, he has not shown that the BOP lacks the ability to provide adequate, effective treatment for the disease and any complications he might suffer. And he has certainly not shown that the treatment that the BOP would provide is less-effective that the treatment that Mr. McPherson would have access to on his own if released. Under these circumstances, the Court cannot conclude that consideration of the "medical care" factor of 18 U.S.C. § 3553(a)(2)(D) in the present circumstances would so materially alter the remainder of the Court's sentencing analysis that the Court would conclude that what is effectively a 44-month sentence would meet §3553(a)'s requirements.

Accordingly, Mr. McPherson's Motion for Compassionate Release **(# 37)** is **DENIED**.

Dated this 18th day of November, 2020.

**BY THE COURT:**

_____

Marcia S. Krieger
Senior United States District Judge